UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DOSHIA BANKS,<br><br>     Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>     Defendant. | Case No. 21-11778<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER
GRANTING WELLS FARGO'S MOTION TO DISMISS [16] AND
DENYING WELLS FARGO'S MOTION FOR SANCTIONS [19]**

A house located on Huntington Road in Detroit is at the center of this, and many other, disputes—some of which have already been resolved. In 2020, a Michigan state court judge ordered that the house's title be quieted in favor of Wells Fargo Bank, N.A., and voided other interests in the property, including a UCC Financing Statement. So this case will be dismissed on claim preclusion because the claims and legal theories have already been decided by a state court.

**I.**

According to Doshia Banks, she purchased the Huntington Road home from the Williams Family Trust in February 2017. In April 2017, Wells Fargo Bank, N.A. told her that it was the true owner of the property. Banks and Wells Fargo seemingly worked it out, though, and Banks agreed to pay Wells Fargo for the home. But in the meantime, Banks looked into Wells Fargo's assertion of ownership, and found what she believes to be a current commercial lien on the property held by Otis Williams

III. So she brings this lawsuit pro se against Wells Fargo, alleging that the bank has fraudulently induced her to pay it for the home. By paying Wells Fargo instead of the Williams Family Trust, says Banks, she risks a lawsuit from Williams and the Trust.

Banks further explains the basis of her claim against Wells Fargo in her brief opposing Wells Fargo's motion to dismiss. She writes that Wells Fargo told her that Williams does not have any enforceable legal claim over the house. (ECF No. 18, PageID.473.) Banks says she relied on this representation in agreeing to purchase the property from Wells Fargo because she believed "that purchase would result in a clear title with no incumbrances other than defendant." (*Id.* at PageID.474.) But when Banks searched Michigan UCC filings, she saw that Williams had a commercial lien over the house that is "still very much in place, active and enforceable against me" and that the lien makes it so Wells Fargo's interest in the property is subordinate to Williams' interest in the property. (*Id.*) So according to Banks, Wells Fargo lied to her so she would pay it, and not the Trust, for the home.

Wells Fargo has a different view of the situation. It says that it foreclosed on the home after Ernest Cornelius defaulted on his mortgage. Then, Wells Fargo purchased the home via a sheriff's sale in March 2016. According to Wells Fargo, the Trust never held proper title to the home because Cornelius, who conveyed the house to the Trust, lost title to the property once the sheriff's sale was finalized. And because the Trust never held proper title to the home, it could not have sold the property to Banks.

Since Banks purportedly purchased the home from the Trust, there have been several lawsuits, many of which were brought by Banks, in state court, federal bankruptcy court, and this Court. All either directly or tangentially involve the question of who holds title to the Huntington Road house. A state court has issued a default judgment against the Trust and Williams and quieted title in favor of Wells Fargo. Yet, says Wells Fargo, Banks keeps bringing lawsuits, refusing to accept that Wells Fargo owned the house.

So in response to Banks' latest complaint, Wells Fargo has filed a motion to dismiss and a motion for sanctions under Federal Rule of Civil Procedure 11. For the reasons provided below, the motion to dismiss is GRANTED because Banks' claims are barred by claim preclusion, but the motion for sanctions is DENIED.

## II.

Wells Fargo argues that Banks' claims should be dismissed because they are barred by claim preclusion.

Under the Federal Rules of Civil Procedure, res judicata (which includes both claim and issue preclusion) is an affirmative defense. Fed. R. Civ. P. 8(c). At the motion to dismiss stage, a case will be dismissed based on an affirmative defense "if the face of the complaint demonstrates that relief is barred by an affirmative defense." *Bon-Ing, Inc. v. Hodges*, 700 F. App'x 461, 464 (6th Cir. 2017) (quoting *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)). In evaluating Wells Fargo's defense of claim preclusion, the Court may look at prior court orders, as these orders are public records or "are otherwise appropriate for the

3

taking of judicial notice." *Hancock v. Miller*, 852 F. App'x 914, 919–20 (6th Cir. 2021) ("Because a . . . court order is appropriate for judicial notice, the district court could consider it to demonstrate the adjudicative fact that the order was issued and what it said . . . without converting the 12(b)(6) into a summary judgment motion.").

So the Court starts by looking at Banks' complaint. Though it provides few details, Banks does state that "The 3rd circuit court of Wayne county issued a default judgment against Cornelius and Williams because neither one appeared for a hearing." (ECF No. 1, PageID.5.)

Though the Court is typically limited to considering only the plaintiff's allegations when determining a motion to dismiss, when a plaintiff references an external document in their complaint and relies on it in their claims, the Court may also consider that document. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a 12(b)(6) motion, it may consider . . . exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."). This is especially true when, as mentioned, the referenced document is a public court order.

It appears that the default judgment Banks refers to in her complaint was entered in a state court case between Wells Fargo, Banks, Cornelius, the Trust, and Williams. (ECF No. 16-18, PageID.276.) That case involved the same Huntington Road home that is the subject of this lawsuit. And there, the judge granted Wells Fargo's motion for default judgment against Cornelius, the Trust, and Williams and

4

ordered that the "October 4, 2016 UCC Financing Statement . . . is void and expunged from the record" and that the "October 24, 2016 Claim of Lien . . . is void and expunged from the record." (*Id.* at PageID.277.) Further, the Court ordered that "the October 28, 2016 quitclaim deed purporting to transfer title to the Williams Family Trust . . . is void and expunged from the record." (*Id.*)

On the face of Banks' allegations, it appears that there is, at the very least, confusion regarding Williams' remaining interest in the home. Banks does not dispute that a default judgment was entered against Cornelius and Williams. That default judgment clearly "voids" the UCC Financing Statement, the claim of lien, and the conveyance of the house to the Trust. (ECF No. 16-18, PageID.277.) Yet Banks says that not only does Williams still have a valid interest against the home she is purchasing from Wells Fargo, but that he has a superior interest. Apparently, Banks believes that the default judgment merely modified county records about Williams' interest as opposed to actually voiding his interest. Banks states, "the default judgment was artfully crafted to mislead plaintiff into believing that Mr. Williams' interest is no longer enforceable. Defendant's default judgment merely expunges the RECORDATION of his interest in the County records but does not terminate his legal interest. Therefore, the default judgment against Mr. Williams and his Trust has no lawful effect on the enforceability or legality on Mr. Williams lien interest in the subject property." (ECF No. 18, PageID.474.)

Banks is mistaken. The default judgment was entered by a state court judge. So it was not "artfully crafted" by Wells Fargo to "mislead" Banks. And it does not

merely expunge the "recordation of [Williams'] interest in the County records." It "void[ed]" Williams' legal interest in the property in so far as that interest in based on the UCC Financing Statement or the lien. And it is not true, as Banks asserts, that "no one can address or has addressed the UCC financing statement filed with the state of Michigan by Mr. Otis Williams." (ECF No. 18, PageID.475.) The state court has addressed this exact issue already and has entered judgment against Williams because he missed the opportunity to assert his claim for the property.

Beyond the confusion in Banks' argument, however, the Court finds that her claims should be dismissed because of claim preclusion. In the same state court case where the default judgment against Williams and others was entered, the judge entered a final order quieting title on November 12, 2020. (ECF No. 16-21.) That order was the result of a stipulation between Banks and Wells Fargo. (*Id.* at PageID.291.) The order stated that title to the Huntington Road property "is quieted in the name of Wells Fargo Bank, N.A. as Indenture Trustee[.]" (*Id.* at PageID.292.) The order also dismissed the matter "with prejudice." (*Id.*) In other words, this issue has already been finally decided by a state court.

"Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816–17 (6th Cir. 2010) (quoting *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007)); *see also* 28 U.S.C. § 1738. Since the prior order comes from a Michigan state court, the Court will look to Michigan law to determine what effect the prior order will have in this litigation.

6

Michigan courts have a "broad view of res judicata." *Buck*, 597 F.3d at 817 (quoting *In re MCI Telecommunications Compl.*, 596 N.W.2d 164, 183 (Mich. 1999)). "The purposes of res judicata are to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication." *Richards v. Tibaldi*, 726 N.W.2d 770, 776 (Mich. Ct. App. 2006). The burden of showing res judicata applies is on the party asserting the doctrine. *Richards*, 726 N.W.2d at 776.

Under Michigan law, "res judicata requires that (1) the prior action was decided on the merits, (2) the decree in the prior action was a final decision, (3) the matter contested in the second case was or could have been resolved in the first, and (4) both actions involved the same parties or their privies." *Richards*, 726 N.W.2d at 776.

For the first two elements, the order quieting title states that it is a final judgment, the case was dismissed with prejudice, and both parties stipulated to it. (ECF No. 16-21, PageID.292.) So for purposes of claim preclusion, it is a final judgment on the merits. *McCoy v. Michigan*, 369 F. App'x 646, 649–50 (6th Cir. 2010) (citing *Brownridge v. Mich. Mut. Ins. Co.*, 321 N.W.2d 798, 799 (Mich. Ct. App. 1982) ("A voluntary dismissal with prejudice is a final judgment on the merits for res judicata purposes.")).

The fourth element is also easily satisfied because the state court case involved Banks and Wells Fargo. (ECF No. 16-21.)

And the Court finds that the third element—whether the matter contested before this Court was or could have been resolved in the first matter—is also met. Banks' general claim, which she describes as being, "Not sure if Mr. Williams had the legal right to give her a land contract or that Wells Fargo has the legal right to remove Mr. Williams interest and provide plaintiff an agreement to purchase the property from Wells Fargo," was resolved in the state court litigation. (*See* ECF No. 18, PageID.475.; *see also* ECF No. 1, PageID.6 (asking the court to declare and prioritize the interest of the parties).) As described above, the state court quieted title in favor of Wells Fargo, which means that Wells Fargo owned the home. So, regardless of Banks' skepticism, a court has already declared and prioritized the interests of the parties.

Here, however, Banks also asserts that Wells Fargo committed fraud, and this exact claim was not decided by the state court. But the prior state court order bars "not only claims already litigated, but also every claim arising from the same *transaction* that the parties, exercising reasonable diligence, could have raised but did not." *Buck*, 597 F.3d at 817 (quoting *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004)). And Banks' fraud claims against Wells Fargo arose from the same transaction that was litigated in state court. Banks specifically alleges that in April 2017, Wells Fargo falsely claimed sole ownership in the property when it knew its interests were subordinate to Williams' interest. That claim depends on the same set of facts that support quieting title in Wells Fargo's name, i.e. the history of the ownership of the home. And the order was entered in 2020, so Banks certainly could

8

have brought her fraud claim based on representations made in 2017 in the same case.

In her response, Banks also claims that Wells Fargo "pressured and coerced" her into stipulating to the order. (ECF No. 18, PageID.476.) This claim is not presented in Banks' complaint, and she does not allege further facts as to how she was pressured and coerced into agreeing to the stipulation. So it is not a matter contested before this Court such that the Court must determine if it could have been raised in the prior case.

But the Court also notes that it does not appear that Banks has any issue with the stipulated order. In her complaint, she specifically asks that she be allowed to "continue in the settlement in purchasing the subject proper from Defendant, if it is found that they are the sole owners" and that "Plaintiff needs this court to act as finder of fact to resolve this dispute [of who is the valid owner of her home]." (ECF No. 1, PageID.5.) A court has already done the exact thing Banks is requesting via the stipulated order to quiet title. So it is unclear what more needs to be done.

In sum, the Court finds that claim preclusion bars Banks from pursuing her claims in this case. The same general question of who holds title to the Huntington Road home has already been answered by a state court where Banks had full notice and opportunity to present the arguments she presents to this Court. Further, the theories Banks presents to this Court about Williams' commercial lien have also been addressed by the state court in its order for default judgment. As explained above,

9

the default judgment against Williams has the same effect as any other court order and expunges Williams' lien.

So Banks' claim will be dismissed.

### III.

Wells Fargo also filed a motion for Rule 11 sanctions, asking this Court to declare Banks a "vexatious litigant" and awarding Wells Fargo attorney's fees. (ECF No. 19.)

The Court declines to award sanctions under Rule 11 at this time. Rule 11 sanctions "may be imposed if a reasonable inquiry discloses the pleading . . . is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Meritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010). Banks is a pro se litigant. She has explained that she was concerned that she was being defrauded when she found Williams' commercial lien on the Michigan Department of State UCC search. (ECF No. 23, PageID.636.) And she was hesitant to trust Wells Fargo when it explained that this interest is no longer valid because she had originally bought the home from the Trust, only to be involved in a lawsuit because the Trust did not own the property. (*Id.*) True, Banks has brought a number of suits (at least four) that concern the validity of her (and Wells Fargo's) interest in the house. But Banks correctly points out that many of her cases have been dismissed on jurisdictional grounds without

reaching the merits of her claims. So there is no evidence that Banks acted vexatiously or for an improper purpose by bringing this suit.

The Court understands Wells Fargo's frustration in having been engaged in multiple lawsuits with Banks despite having received an unchallenged state court judgment that quiets title in its favor. To defend its same position in multiple forums takes considerable resources and makes it so neither party can move forward.

The Court hopes that this opinion will educate Banks that the default judgment and state court order quieting title hold the same weight as any other court order or judgment. This means that a court has already determined that only Wells Fargo held proper title to the home. (ECF No. 16-21, PageID.291–292 (state court order to quiet title).) And the fact that, to this Court's knowledge, no one from the Trust or the Williams family has yet asserted or threatened to assert interest in the house indicates that Banks faces no imminent harm.

With that, the Court believes both parties can put this matter to rest. If, however, Banks does not, she is on notice that sanctions could be warranted.

## IV.

Wells Fargo's motion to dismiss (ECF No. 16) is GRANTED and its motion for sanctions (ECF No. 19) is DENIED. A separate judgment will follow.

SO ORDERED.

Dated: May 6, 2022

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE
